IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEVEN HAYNES,
    Petitioner,
v.                                    Case No. 3:19cv1712-LC/CAS

UNITED STATES OF AMERICA,
    Respondent.
_____/

## REPORT AND RECOMMENDATION TO TRANSFER HABEAS CORPUS PETITION

On or about June 13, 2019, Steven Haynes, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking reinstatement of good conduct time and expungement of an incident report.  ECF No. 1.  He also submitted an Application to Proceed in District Court without Prepaying Fees or Costs.  ECF No. 2.

Petitions under section § 2241 are properly filed in the jurisdiction in which the petitioner is incarcerated.  Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").  In this case, Petitioner Haynes is confined at the Federal Correctional Institution in Oakdale, Louisiana.  See ECF 1; www.bop.gov/inmateloc.

Oakdale is located in Allen Parish, in the Western District of Louisiana. *See* 28 U.S.C. § 98(c).

Because Petitioner Haynes is not incarcerated in the Northern District of Florida, this court lacks jurisdiction over the habeas petition. Therefore, it is respectfully **RECOMMENDED** that the case file, including any service copies and pending motions, be **TRANSFERRED** to the United States District Court for the Western District of Louisiana, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 26, 2019.

<u>S/ Charles A. Stampelos</u>
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**